IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BOLIVAR STEWART TAYLOR,        §
         Plaintiff,        §
                 §
v.        §    No. 3:18-cv-1364-N (BT)
                 §
DEANNA FLETCHER and RELIABLE        §
INSURANCE COMPANY,        §
         Defendants.        §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. 636(b) and an order of this court, this case has been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the United States Magistrate Judge follow:

I.

Plaintiff filed this complaint under 18 U.S.C. § 1516 and state law.  He is proceeding *pro se,* and the Court has granted him leave to proceed *in forma pauperis.* Defendants are Reliable Insurance Company and Reliable Insurance Company employee Deanna Fletcher.  The Court has not issued process pending judicial screening.

Plaintiff states his mother bought a $5,000 life insurance policy from Defendants in 1984.  When she died in 2017, Plaintiff contacted Defendants for payment under the policy.  He states Defendants informed him that the policy lapsed in 1994.  Plaintiff seeks payment of the $5,000 policy, damages for embarrassment, and an audit under 18 U.S.C. § 1516 and state law.

1

II.

Federal courts are courts of limited jurisdiction.  "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

Plaintiff alleges federal question jurisdiction under § 18 U.S.C. 1516. Section 1516 is a criminal statute that prohibits obstructing a federal audit.  The statute does not provide jurisdiction for a civil complaint between private parties. Plaintiff's claims under § 1516 should be dismissed.

Plaintiff has also failed to establish diversity jurisdiction under 28 U.S.C. § 1332.  Diversity jurisdiction requires that: (1) there is complete diversity of citizenship between the parties; and (2) the amount in controversy exceeds $75,000.  Plaintiff has alleged that he and Defendants are residents of different states, but he has failed show that the amount in controversy exceeds $75,000. Plaintiff seeks the $5,000 face value of the insurance policy, plus damages for embarrassment.  The party seeking to invoke federal diversity jurisdiction has the burden to prove that the amount in controversy exceeds $75,000.  *Garcia v. Koch Oil Co. Of Tex.*, 351 F.3d 636, 638-39 (5th Cir. 2003).  Here, it is not apparent from the face of the complaint that the amount in controversy exceeds $75,000,

and Plaintiff has made no allegation that the amount in controversy exceeds $75,000. Plaintiff has therefore failed to establish diversity jurisdiction.

Courts have a continuing obligation to examine the basis for jurisdiction. *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). The Court may *sua sponte* raise the issue of jurisdictional at any time. *Id.* Federal Rule of Civil Procedure 12(h)(3) requires that federal courts dismiss an action "if it appears at any time that the court lacks subject-matter jurisdiction[.]" Because it appears that the Court lacks subject matter jurisdiction, this action should be dismissed without prejudice to Plaintiff raising his state law claims in state court.

III.

The Court recommends that Plaintiff's claims be dismissed without prejudice for lack of jurisdiction.

Signed August 10, 2018.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).